United States Court of Appeals,

Eleventh Circuit.

No. 95-3698.

VILLAS OF LAKE JACKSON, LTD.;  Richard L. Pelham;  Equity Resources, Inc.;  Lake Jackson, Ltd.;  Plaintiffs-Appellants,

Public Bank, a Florida banking corporation, Intervenor-Plaintiff,

v.

LEON COUNTY, Defendant-Appellee.

Sept. 8, 1997.

Appeal from the United States District Court for the Northern District of Florida. (No. TCA 89-CV-40247), William C. Sherrill, Jr., Magistrate.

Before BIRCH, Circuit Judge, and RONEY and FARRIS[*], Senior Circuit Judges.

RONEY, Senior Circuit Judge:

The plaintiff landowners here are attempting to establish a constitutional cause of action against the County because the rezoning of the landowners' real property took away their right to build high-density apartment complexes.  On summary judgment, in a comprehensive and well-reasoned 62-page opinion, the Magistrate Judge to whom the case was submitted held that

> (1) the due process taking claim fails because there is no such federal cause of action independent of a claim for relief under the Takings Clause of the Constitution,
>
> (2) the arbitrary and capricious due process claim fails because the ordinances challenged are rationally related to a legitimate governmental interest, and
>
> (3) the equal protection claim fails for lack of evidence.

We affirm.

As to the other two counts of the complaint alleging two additional causes of action, (a) landowners do not appeal the dismissal of their Takings Clause claim on ripeness grounds, or (b) the refusal of the district court to exercise supplemental jurisdiction over their state law inverse condemnation claim.

---

[*]Honorable Jerome Farris, Senior U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

The most significant holding on this appeal is that, other than a due process claim based on arbitrary and capricious action, there is no "substantive due process takings" cause of action available in such a case, separate and apart from a cause of action under the Takings Clause of the United States Constitution. This decision is based upon Supreme Court cases which overtake some suggestions made in prior Eleventh Circuit opinions as *dictum,* but is not contrary to any prior holdings of this Circuit and is in accord with our most recent decisions.

In 1972 and 1973, landowners, including some predecessors in title to the current appellants, purchased 165 acres of land on the shore of a large lake in Leon County. Of the 165 acres, all buildable property has been developed except for the tract at issue in this case, asserted to comprise 13 or 30 acres. In 1989, based on concerns for the impact of overdevelopment on the lake, Leon County rezoned the tract from an intense development category allowing apartment complexes of 43.6 units per acre to single family housing. Thus, by this "rezoning," the landowners were deprived of the right to build high density apartment houses, a right they alleged was "vested" under state law because of their reliance upon prior regulatory activity of the County.

*(1) "DUE PROCESS TAKINGS" CLAIM*

The Takings Clause of the Fifth Amendment provides: "nor shall private property be taken for public use, without just compensation." U.S. Const. amend. V. In this appeal, the landowners frame this claim, not under that provision, but as one for a "due process taking" alleged as a species of substantive due process noted by prior opinions of this Court. *See Bickerstaff Clay Products Co. v. Harris County, Georgia,* 89 F.3d 1481, 1490 n. 16 (11th Cir.1996); *Restigouche, Inc. v. Town of Jupiter,* 59 F.3d 1208, 1211 n. 1 (11th Cir.1995); *Tari v. Collier County,* 56 F.3d 1533 (11th Cir.1995); *Reahard v. Lee County,* 30 F.3d 1412, 1415 n. 7 (11th Cir.1994); *Corn v. City of Lauderdale Lakes,* 997 F.2d 1369, 1374 (11th Cir.1993); *Reahard v. Lee County,* 968 F.2d 1131, 1135 (11th Cir.1992); *Executive 100, Inc. v. Martin County,* 922 F.2d 1536, 1540 n. 11 (11th Cir.1991); *Eide v. Sarasota County,* 908 F.2d 716, 721 (11th Cir.1990).

In essence, landowners argue that under the due process clause they may challenge the taking that occurs when a specifically recognized property right, vested under state law, is taken away—even though they might still retain enough use of the property to avoid a taking under the Takings Clause if you considered the parcel as a whole—because the due process clause protects each of those specific, finite, property rights in the entire bundle of rights associated with a piece of property.

Recent Supreme Court "takings" jurisprudence and the well established contours of substantive due process law dictate, however, that if a challenge to a "regulatory taking" states a claim upon which relief may be granted at all, it is a cause of action under the Takings Clause, subject to the ripeness prerequisite of exhaustion of the state-court inverse condemnation remedy. *See Bickerstaff,* 89 F.3d at 1489 n. 15 (noting that landowner's claim under the Takings Clause subsumed and was broader than his substantive due process claim). There is no independent "substantive due process taking" cause of action. The only substantive due process claim is for arbitrary and capricious conduct.

In *Pennsylvania Coal Co. v. Mahon,* 260 U.S. 393, 415, 43 S.Ct. 158, 160, 67 L.Ed. 322 (1922), the Court held a land-use regulation to be invalid on a challenge in equity, Justice Holmes writing that "while property may be regulated to a certain extent, if regulation goes too far it will be recognized as a taking." It is this language that has given rise to some rhetoric, but no holding, that a regulation that "goes too far" gives rise to a substantive due process takings claim. *See Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City,* 473 U.S. 172, 185, 105 S.Ct. 3108, 3116, 87 L.Ed.2d 126 (1985); *Eide v. Sarasota County,* 908 F.2d 716, 721 (11th Cir.1990).

In *Eide,* a case heavily relied upon by plaintiffs, we had mentioned "due process takings" as one of four potential challenges a landowner could bring against an adverse zoning decision. As distinguished from a just compensation claim, we stated that a successful due process takings suit, for instance, would "result in an invalidation of the local authority's application of the regulation and, perhaps, actual damages, whereas a just compensation claim is remedied by monetary

3

compensation for the value taken." 908 F.2d at 721. We cited *Williamson* as "recognizing such a due process claim, but holding the claim to be premature." *Id.* The cited discussion in *Williamson* arose before the Supreme Court had resolved the debate over whether the remedy for the constitutional prohibition against regulatory takings arose from the Due Process Clause or the Takings Clause. *Eide,* in noting the *possible* distinction between these two theories which it specifically did not resolve, footnoted that

> [t]his distinction may be academic if the Supreme Court decides that a non-physical "taking" claim is properly redressed by only the Just Compensation Clause or only the Due Process clause.

908 F.2d at 721 n. 8.

The notion of due process as an independent ground has now been refuted, however, by at least two Supreme Court cases which, read together, firmly place all the constitutional constraints on regulatory takings recognized by this Court under the Takings Clause alone. *First English Evangelical Lutheran Church of Glendale v. Los Angeles County,* 482 U.S. 304, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987), held that a landowner could receive just compensation for a temporary taking under the Takings Clause. That holding confirmed that a challenge to a land-use regulation as confiscatory falls under the Takings Clause.

> It has ... been established doctrine at least since [Mahon] that "[t]he general rule at least is, that while property may be regulated to a certain extent, if regulation *goes too far* it will be recognized as a taking." While the typical taking occurs when the government acts to condemn property in the exercise of its power of eminent domain, the entire doctrine of inverse condemnation is predicated on the proposition that a taking may occur without such formal proceedings.
>
> ....
>
> [T]he need for preserving a degree of freedom in the land-use planning function ... must be evaluated in the light of the command of the Just Compensation Clause of the Fifth Amendment.
>
> ....
>
> It is axiomatic that the Fifth Amendment's just compensation provision is "designed to bar Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole."
>
> ....

4

Where this burden results from governmental action that amounted to a taking, the Just Compensation Clause of the Fifth Amendment requires that the government pay the landowner for the value of the use of the land during this period. Invalidation of the ordinance or its successor ordinance after this period of time, though converting the taking into a "temporary" one, is not a sufficient remedy to meet the demands of the Just Compensation Clause.

*Id.* at 316-19 (citations omitted) (emphasis added).

*First English* established that the Takings Clause challenge carries the full range of remedies for confiscatory regulation: if the regulation is not for a public purpose, it may be invalidated, and just compensation awarded for a temporary taking; if the regulation serves a valid public purpose, yet still goes so far in diminishing the landowner's interests as to constitute a taking, just compensation may be awarded running from the regulation's effective date; if the government has or decides to terminate the regulation, that award compensates the landowner's injury over a temporary period; if not, a permanent taking is compensated. "Once a court determines that a taking has occurred, the government retains the whole range of options already available—amendment of the regulation, withdrawal of the invalidated regulation, or exercise of eminent domain." *Id.* at 316.

In *Lucas v. South Carolina Coastal Council,* 505 U.S. 1003, 112 S.Ct. 2886, 120 L.Ed.2d 798 (1992), the Court reviewed the evolution of takings jurisprudence and recognized that the *Mahon* standard of "goes too far" expressed a requirement of the Takings Clause, *id.* at 1028, n. 15 ("Justice Blackmun is correct that early constitutional theorists did not believe the Takings Clause embraced regulations of property at all, but even he does not suggest (explicitly at least) that we renounce the Court's contrary conclusions in *Mahon.* Since the text of the clause can be read to encompass regulatory as well as physical deprivations ... we decline to do so." (citations omitted)). *See also Suitum v. Tahoe Regional Planning Agency,* --- U.S. ----, 117 S.Ct. 1659, 137 L.Ed.2d 980 (1997) (citing *Mahon* for the proposition that a regulation that goes too far results in a taking under the Fifth Amendment).

*Lucas* and *First English* confirm that "goes too far" means so far that the regulation constitutes a Takings Clause taking under one of the various standards set forth in recent Supreme Court decisions, not a substantive due process violation. *Cf. e.g., Lucas* (*per se* taking by physical

5

invasion or deprivation of all economically viable use); *Penn Central Transp. Co. v. City of New York,* 438 U.S. 104, 98 S.Ct. 2646, 57 L.Ed.2d 631 (1978) (*ad hoc* balancing of public and private interests).

This Court in recent decisions has likewise abandoned the distinction between takings claims and a due process takings theory. In *Corn v. City of Lauderdale Lakes,* 95 F.3d 1066 (11th Cir.1996), we noted that the Takings Clause provides the basis for both just compensation and invalidation of a regulation. *Id.* at 1072-75. In *Bickerstaff,* we held that the landowner's "Takings Clause claim subsumes its substantive due process claim unless it can be said that the Framers of the Bill of Rights, in addition to providing the substantive rights contained in the Takings Clause, meant to replicate by implication those same rights in the Due Process Clause. We do not believe that such duplication was intended. We therefore hold that Bickerstaff's challenge to the validity of the R-1 zoning classification lies solely under the Takings Clause." 89 F.3d at 1490.

Any constitutional claim, apart from an arbitrary and capricious challenge, challenging the regulatory deprivation of a single use of real property alleged to be vested under state law must be considered in light of the remaining use of the property as a whole. The Supreme Court has construed the Takings Clause beyond its original application to formal government expropriations to now define and protect a more general property right that constrains excessive land-use regulation. In doing so the Court has consistently held that that constitutional right against excessive regulation does not encompass separate protection of individual strands in the bundle of property rights as landowners here have claimed. *See and compare Andrus v. Allard,* 444 U.S. 51, 65, 100 S.Ct. 318, 326-27, 62 L.Ed.2d 210 (1979) ("[W]here an owner possesses a full "bundle' of property rights, the destruction of one "strand' of the bundle is not a taking, because the aggregate must be viewed in its entirety.") *with Loretto v. Teleprompter Manhattan CATV Corp.,* 458 U.S. 419, 434, 102 S.Ct. 3164, 3175, 73 L.Ed.2d 868 (1982) ("[A] permanent physical occupation of another's property ... is perhaps the most serious form of invasion of an owner's property interests ... [because] the government does not simply take a single "strand' from the "bundle' or property rights: it chops

6

through the bundle, taking a slice of every strand").  There is no separate cause of action under the due process clause of the Constitution.  *See Dolan v. City of Tigard,* 512 U.S. 374, 384 n. 5, 114 S.Ct. 2309, 2316, 129 L.Ed.2d 304 (1994) (holding that conditioning building permit on the landowner dedicating portion of land for improvement of storm drainage system was not confiscatory but that also requiring dedication of public pathway was;  the Court rejected the suggestion of the dissent that the case was grounded in substantive due process as opposed to the Takings Clause or that it was "resurrect[ing] a species of substantive due process analysis that it firmly rejected decades ago," *id.* at 405, 114 S.Ct. at 2326 (Stevens, J., dissenting)).  The district court so held, and properly entered summary judgment for the defendant for failure to state a cause of action in the count of the complaint alleging a substantive due process claim.

*(2) ARBITRARY AND CAPRICIOUS DUE PROCESS*

A landowner's vested rights created by state law may indeed constitute property subject to the arbitrary and capricious substantive due process protections under the federal Constitution, *see The Reserve, Ltd. v. Town of Longboat Key,* 17 F.3d 1374, 1379-80 (11th Cir.1994) (citing *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972)), *cert. denied,* 513 U.S. 1080, 115 S.Ct. 729, 130 L.Ed.2d 633 (1995).  Assuming without deciding that the landowners had established a state-created property right in the development project and that the district court was correct in classifying the down-zoning as a legislative rather than an executive act, this claim must fail because the undisputed evidence of the County's interest in protecting the water quality at the lake and the rational relation of the zoning to that goal fully supports the decision that a finding that the rezoning was arbitrary and capricious is precluded.

*(3) EQUAL PROTECTION*

Given the undisputed evidence of the unique aspects of the tract as contrasted to other assertedly similarly situated properties and the lack of evidence of invidious discrimination, *see East-Bibb Twiggs Neighborhood Ass'n v. Macon Bibb Planning & Zoning Comm'n,* 888 F.2d 1573,

7

1576 (11th Cir.1989), the district court correctly entered summary judgment for the County on landowners' equal protection claim.

*CONCLUSION*

Any constitutional right based upon a zoning regulation governing a specific use of real property, to the extent the claim is based upon the deprivation of the right to use the property itself for that specific purpose, is protectable, if it is a right for which the Constitution gives protection at all, by only these causes of action:

1. A procedural due process claim challenging the procedures by which the regulation was adopted. No such challenge is made on this appeal.

2. A substantive due process claim based upon the arbitrary and capricious action of the government in adopting the regulation. The district court properly held that the challenged action of the County was not arbitrary and capricious.

3. A Takings Clause claim which may seek not only just compensation, if the regulation amounts to a taking, but may seek invalidation and injunctive relief if the regulation exceeds what the government body may do under the Takings Clause of the Constitution. The decision that this claim was not ripe is not a part of this appeal.

4. Claims under some other constitutional provision that give the landowner a protectable right, not specifically involved with the real property right itself. The district court properly entered summary judgment for the defendant on the claim alleging a violation of the Equal Protection Clause of the Constitution.

There is no substantive due process "takings" claim that would protect a specific property right not already protected by the Takings Clause. In other words, if the right to the specific use of the property is not protected by the Takings Clause, either as to just compensation or invalidation, it is not protected by the Constitution of the United States, except as set forth above.

AFFIRMED.