JSS REALTY CO., LLC, a New Hampshire limited liability company, Willey Creek Company, Inc., a New Hampshire corporation, Anne E. Blake, as successor trustee of Trust A of Harold L. Durgin Family Trust, and as successor trustee of Trust B of Harold L. Durgin Family Trust, Flagship Management Company, Inc., and D.L.J. Corp., a Maine corporation doing business as Century 21 Atlantic Realty, Plaintiffs

v.

TOWN OF KITTERY, MAINE, Defendant

No. 01–67–P–C.

United States District Court, D. Maine.

Dec. 11, 2001.

---

Robert S. Frank, Harvey & Frank, Portland, ME, for JSS Realty Company, LLC., Willey Creek Company, Incorporated, Flagship Management Company, Inc., DLJ Corporation, a Maine Corporation doing business as Century 21 Atlantic Realty, Ann E Blake, as successor trustee of Trust A of the Harold L. Durgin Family Trust, and as successor trustee of Trust B of the Harold L. Durgin Family Trust.

Mark V Franco, Thompson & Bowie, Portland, ME, for Town of Kittery.

## MEMORANDUM OF DECISION AND ORDER GRANTING IN PART, AND DENYING IN PART, DEFENDANT'S MOTION TO DISMISS

GENE CARTER, District Judge.

This case involves a challenge to the application and validity of a citizen-initiated amendment to a zoning ordinance by the Town of Kittery. The amendment, Plaintiff alleges, reduced the amount of developable area permitted on a parcel and abolished the transfer of retail development rights. Plaintiffs' Amended Complaint sets forth the following claims: the ordinance is a law impairing the obligation of contracts, in violation of Article I, Section 11 of the Maine Constitution (Count I) and Article I, Section 20 of the United States Constitution (Count II); the ordinance takes Plaintiffs' private property without just compensation, in violation of Article I, Section 21 of the Maine Constitution (Count III) and the Fifth and Fourteenth Amendments of the United States Constitution (Count IV); the ordinance is invalid under Maine law because the town counsel failed to approve the ordinance (Count V); Defendant should be estopped from applying the ordinance to Plaintiffs' project (Count VI); the ordinance deprives Plaintiffs of property without due process of law and equal protection of the law, in violation of Article I, Section 6–A of the Maine Constitution and the Fourteenth Amendment of the United States Constitution (Count VII); and an 80B appeal to the Maine Superior Court claiming that Defendant refused to process JSS Realty's application under the land use ordinance as it existed prior to September 26, 2000 (Count VIII). *See* First Amended Complaint (Docket No. 1B). Plaintiffs seek damages, declaratory relief, and attorneys' fees. *See id.* Defendant removed the suit to this Court on the basis of federal question jurisdiction. *See* Notice of Removal (Docket No. 1). The Court now has before it Defendant's Motion to Dismiss (Docket No. 3) Counts I, II, III, IV, V, and VII. After considering the arguments of the parties, the Court will grant in part, and deny in part, Defendant's Motion to Dismiss.

### I. STANDARD OF REVIEW

"When evaluating a motion to dismiss under Rule 12(b)(6), [the court] take[s] the well-pleaded facts as they appear in the complaint, extending the plaintiff every reasonable inference in his favor." *Pihl v. Massachusetts Dep't of Educ.,* 9 F.3d 184, 187 (1st Cir.1993). The defendant is entitled to dismissal for failure to state a claim only if "it appears to a certainty that the plaintiff would be unable to recover under any set of facts." *Roma Constr. Co. v. aRusso,* 96 F.3d 566, 569 (1st Cir.1996).

### II. FACTS

Applying the above standard, the Court adopts the following facts as true for the purposes of this order. In 1998 the Town of Kittery had in force a zoning ordinance

that provided for mixed use in the area of the intersection of U.S. Route 1 and Lewis Road in Kittery, Maine. Amended Complaint ¶ 8. The provision of the zoning ordinance at issue provided that in a mixed use zone, up to 30% of the developable area of a parcel could be covered by a retail project, but that an owner or developer could acquire unused retail development rights from adjacent parcels that would permit a development to exceed the 30% limit, provided that the total coverage over the parcel and adjacent parcels from which transfer of unused retail development rights were secured would be less than 30%. Amended Complaint ¶ 8. In reliance upon the zoning ordinance as it existed prior to the amendment, Plaintiffs had entered into contracts for the purchase and sale of land and entered into contracts for the transfer of unused retail development rights for parcels adjacent to a site on the corner of U.S. Route land Lewis Road in Kittery. Amended Complaint ¶ 10. This project was known as the Willey Creek project. Amended Complaint ¶ 10. The acquisition of these unused retail development rights was necessary in order to render feasible the retail development project on this site. Amended Complaint ¶ 10.

JSS Realty filed applications with the Kittery Planning Board for the development of property. Amended Complaint ¶¶ 11–14. JSS Realty "received substantial and substantive review of its application," and the Kittery Town Planner declared JSS Realty's application "complete" so as to warrant a hearing. Amended Complaint ¶¶ 1, 15. On October 3, 2000, the Kittery Town Planner advised JSS Realty that an amendment to the mixed use zoning ordinance was enacted by referendum on September 26, 2000, with an effective date of October 26, 2000. Amended Complaint ¶ 16. The amendment reduced the coverage limit to 15% of the affected parcel, and abolished the transfer of unused retail development rights. Amended Complaint ¶ 17. After the effective date of the amendment, JSS Realty formally requested that the Kittery Planning Board evaluate the Willey Creek Project application under the land use ordinance as it existed prior to the amendment. Amended Complaint ¶ 18. Plaintiffs were "informed and believe that the Town of Kittery [ ] intends to apply the zoning amendment to JSS Realty's permit application" despite the fact that the application had been deemed complete prior to October 26, 2000, the effective date of the amendment. Amended Complaint ¶¶ 1, 18. The application of "the zoning amendment renders JSS Realty's project economically infeasible, and nullif[ies] the value of Plaintiffs' contracts related thereto." Amended Complaint ¶¶ 1, 19.

## III. DISCUSSION

### A. Federal Claims

Plaintiffs assert claims under the federal Constitution for violation of the Contracts Clause, Takings Clause, Due Process Clause, and Equal Protection Clause. All of these claims are brought under 42 U.S.C. § 1983. Plaintiffs also bring claims for violations of the Contracts Clause, Takings Clause, Due Process Clause, and Equal Protection Clause of the Maine Constitution. Neither party asserts that any of the provisions of the Maine Constitution necessitate application of a standard different from that applicable under the federal Constitution. The Court will, therefore, address only federal constitutional law in this opinion.

### 1. General Objections to the Federal Claims

■ Defendant asserts that Plaintiffs seek to simultaneously appeal the Kittery Planning Board's decision to the Maine Superior Court and pursue federal civil

rights act claims. Defendant states that "Because Plaintiff[s are] still pursuing remedies under the [Kittery] ordinance in the Maine Superior Court, [their] constitutional claims cannot be considered ripe for action." Defendant Town of Kittery's Motion to Dismiss at 5. Although Plaintiffs' Amended Complaint seeks relief pursuant to 80B in the Maine Superior Court, this Court determined in its opinion on Plaintiffs' Motion for Remand that because there has been no final action, or failure to act, by the Kittery Planning Board, Plaintiffs' 80B appeal was not ripe. Therefore, despite the inclusion of a claim for 80B relief in their Amended Complaint, Plaintiffs are not concurrently pursuing their claims in Maine Superior Court and federal court. In the alternative, Defendant argues that even if Plaintiffs are not proceeding with a concurrent action in state court, they should be. Defendant seems to forget that it removed this case to this Court.

In reliance on *Creative Environments, Inc. v. Estabrook*, 680 F.2d 822, 832 n. 9 (1st Cir.1982), Defendant next asserts that this is a matter of Maine zoning law, not appropriate as a section 1983 action. Plaintiffs respond that their Amended Complaint challenges the enactment and the validity of the ordinance as distinguished from the Kittery Planning Board's action. The Court finds that although this action arises in the context of land use regulation, it is distinguishable from *Creative Environments*. In *Creative Environments*, Plaintiffs § 1983 claims were based on the town's denial of their subdivision plan. Whereas here, Plaintiffs' § 1983 claims arise out of the enactment and validity of the land use ordinance.

## 2. Obligation of Contracts (Counts I and II)

Counts I and II of Plaintiffs' Amended Complaint allege that the amendment to the Kittery zoning ordinance is a law impairing the obligation of contracts in violation of the Maine Constitution (Count I) and the Constitution of the United States (Count II). Defendant asserts that these claims must be dismissed because the prohibition against impairing the obligation of contracts does not prevent a state from exercising its powers for the promotion of the public good.

When evaluating a claim under the Contracts Clause, the Court "must first decide whether a change in state law has resulted in a 'substantial impairment of a contractual relationship.' " *Parella v. Retirement Bd. of R.I. Employees' Retirement Sys.*, 173 F.3d 46, 59 (1st Cir.1999) (quoting *General Motors Corp. v. Romein*, 503 U.S. 181, 186, 112 S.Ct. 1105, 1109, 117 L.Ed.2d 328 (1992)). This question is properly addressed in three parts: "whether there is a contractual relationship, whether a change in the law impairs that contractual relationship, and whether the impairment is substantial." *Id.* (quoting *Romein*, 503 U.S. at 186, 112 S.Ct. at 1109). "If each of these three component questions is answered in the affirmative, the court must determine whether the impairment is nonetheless justified as 'reasonable and necessary to serve an important public purpose.' " *Id.* (quoting *United States Trust Co. v. New Jersey*, 431 U.S. 1, 25, 97 S.Ct. 1505, 52 L.Ed.2d 92 (1977)).

The Amended Complaint alleges that Plaintiffs had entered into contracts for the transfer of both real estate and retail development rights and that the transfers of the retail development rights were necessary in order to render feasible the Willey Creek project. Amended Complaint ¶¶ 1, 10. The challenged amendment to the ordinance abolished the development rights that were the subject of these contracts and rendered the project for which these contracts had been made—

the Willey Creek project—economically infeasible. Amended Complaint ¶¶ 1, 17, 19, 21. On their face, these allegations plead a contractual relationship, a change in law impairing the contractual relationship, and a substantial impairment of the contract. With respect to the last element, under prevailing jurisprudence, the "[t]otal destruction of contractual expectations is not necessary for a finding of substantial impairment." *Energy Reserves Group, Inc. v. Kansas Power & Light Co.*, 459 U.S. 400, 411, 103 S.Ct. 697, 74 L.Ed.2d 569 (1983) (citing *United States Trust*, 431 U.S. at 26–27, 97 S.Ct. at 1519–20). Significant in the determination of substantial impairment can be: whether the statute was applied to a preexisting contract; whether it appeared to be targeted towards a particular party; whether a basic term of the contract was substantially modified retroactively; and whether the legislation caused a severe disruption of contractual obligations. *See Director of Bureau of Labor Standards v. Fort Halifax Packing Co.*, 510 A.2d 1054, 1062 (Me. 1986), *aff'd sub nom. Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987). Plaintiff has alleged all of the foregoing. Amended Complaint at ¶¶ 1, 19, 21. Resolution of the remaining issue—whether the contract-impairing enactment was "reasonable and necessary to serve an important public purpose"—is not appropriate in the context of a motion to dismiss. The Amended Complaint alleges that the retroactive feature of the ordinance was "arbitrary" and was, in fact, targeted at the Willey Creek project. Amended Complaint ¶ 21.

### 3. Substantive and Procedural Due Process (Count VII)

■ Next, Defendant contends that Plaintiffs' due process claims should be dismissed on two grounds. First, Defendant contends that Plaintiffs failed to describe what specific liberty or property interest they allege was violated. *See Temple v. Inhabitants of City of Belfast*, 30 F.Supp.2d 60, 65 (D.Me.1998) ("In order to state an actionable procedural due process claim, Plaintiff must establish that he has been deprived of a constitutionally cognizable property or liberty interest by a state actor, and that such deprivation occurred without constitutionally adequate procedure."). Plaintiffs respond that they have made sufficient allegations of the deprivation of a protectable interest, but they do not assert whether that interest arises out of their right to substantive or procedural due process, or both. The Court interprets Plaintiffs' claims to allege that the enactment of the amendment to the ordinance was so fundamentally unfair, and such an abuse of power, that Plaintiffs' constitutional rights were violated. This is an allegation of violation of Plaintiffs' "substantive" due process rights. The Amended Complaint alleges that "[b]efore the electoral vote on this amendment, Plaintiffs owned valuable property rights in real estate in Kittery, Maine," Amended Complaint ¶ 1; that one Plaintiff owned transferable development rights, Amended Complaint ¶ 5; that Plaintiffs had contracts for the sale of these rights, Amended Complaint ¶ 10; that the ordinance in question abolished these rights, Amended Complaint ¶ 17; that the ordinance was targeted at Plaintiffs' Willey Creek project, Amended Complaint ¶ 21; and that the retroactive feature of the ordinance was arbitrary, Amended Complaint ¶ 21. These allegations are sufficient to put Defendant on notice of Plaintiffs' substantive due process claim.

■ Next, Defendant argues that if Plaintiffs' substantive due process claim is viable at all, it is a cause of action under the Takings Clause. Although the First Circuit has not ruled on this issue, lan-

guage in its opinions persuades this Court that this is correct with respect to the substantive due process takings claim. *Parella*, 173 F.3d at 58 ("other recent decisions suggest that when faced with multiple, potentially relevant constitutional provisions, courts should invoke the provision that treats most directly the right asserted"); *South County Sand & Gravel Co. v. Town of South Kingstown*, 160 F.3d 834, 835 (1st Cir.1998)("When a specific provision of the Constitution protects individuals against a particular kind of physical intrusion by government actors, individuals seeking redress for such an intrusion must assert their claim under that particular constitutional rubric instead of invoking the more generalized notion of substantive due process."). Plaintiffs Amended Complaint may, nevertheless, state a substantive due process claim based on arbitrary and capricious conduct by Defendant. *See Newman v. Commonwealth of Massachusetts*, 884 F.2d 19, 25 (1st Cir.1989), *cert. denied*, 493 U.S. 1078, 110 S.Ct. 1132, 107 L.Ed.2d 1037 (1990); *see also Villas of Lake Jackson v. Leon County*, 121 F.3d 610, 614 (11th Cir.1997)(*citing The Reserve, Ltd. v. Town of Longboat Key*, 17 F.3d 1374, 1379–80 (11th Cir.1994))(*citing Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972))(recognizing the existence of a substantive due process takings claim as distinct from a substantive due process claim based on arbitrary and capricious government action); *Texas Manufactured Hous. Ass'n v. City of Nederland*, 101 F.3d 1095, 1105–06 (5th Cir.1996)(considering, without comment, both a takings claim and a substantive due process claim against the enforcement of a zoning ordinance). "In the substantive due process context, the requisite arbitrariness and caprice must be stunning, evidencing more than humdrum legal error." *Amsden v. Moran*, 904 F.2d 748, 754 n. 5 (1st Cir.1990). Given the

allegations that the enactment here was targeted at the Willey Creek project, the Court will not, at this stage, dismiss Plaintiffs' substantive due process claim.

Plaintiffs' Amended Complaint is far from clear, but the Court believes that they may also be asserting a procedural due process claim. Plaintiffs allege, by incorporation in their due process claim, that the amendment to the ordinance is invalid because the town council failed to approve the ordinance, in violation of Maine law. Amended Complaint ¶¶ 31, 34. Defendant does not address the basis of this claim.

■■■■■ To state an actionable procedural due process claim under § 1983, plaintiff must (1) allege facts that support a determination that the plaintiff has a property interest, as defined by state law, and (2) that the conduct complained of, committed under color of state law, has deprived her of that property interest without constitutionally adequate procedure. *See PFZ Properties v. Rodriguez*, 928 F.2d 28, 30 (1st Cir.1991). The alleged violations to state law raised by Plaintiffs are of no moment to the deprivation complained of here. Here federal constitutional law, not Maine's laws and regulations, provides the relevant standard. Thus, even if Defendant violated established state procedures, there is no due process violation unless their conduct also violated federal constitutional standards. *See, e.g., McDarby v. Dinkins*, 907 F.2d 1334, 1337 (2nd Cir.1990); *Brown v. Youth Center at Topeka*, 883 F.Supp. 572, 577 (D.Kan. 1995). Procedural due process analysis reviews whether governmental action is implemented in a fair manner by assessing the procedures attendant to that conduct. *See United States v. Salerno*, 481 U.S. 739, 746, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) (allowing deprivation of liberty because of the numerous procedural safeguards pro-

vided by the Bail Reform Act). As Judge Selya has stated, when confronted with a procedural due process claim, "the proper focus must be on the manner in which the state has acted: 'how and when' the alleged deprivation was effected." *Amsden,* 904 F.2d at 753. To be actionable, an alleged due process violation must result in the deprivation of either a property or liberty interest. *See Reyes–Pagan v. Benitez,* 910 F.Supp. 38, 43 (D.P.R.1995). Because the parties have not addressed this issue, the Court will deny Defendant's Motion to Dismiss the procedural due process claim.

### 4. Takings Claim (Counts III and IV)

▮▮▮▮ To state a takings claim, a plaintiff must allege either that his property has been physically appropriated through condemnation or that a statute, ordinance, or regulation has worked indirectly to deprive him of use or enjoyment of the property. *See, e.g., First English Evangelical Lutheran Church v. County of Los Angeles,* 482 U.S. 304, 316–17, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987). If the latter so-called "inverse condemnation" is alleged, a plaintiff must further assert either that the legislation taking his property does not advance a legitimate government interest, or that it deprives him of all economically viable use of his property. *See, e.g., Nollan v. California Coastal Comm'n.,* 483 U.S. 825, 834, 107 S.Ct. 3141, 97 L.Ed.2d 677 (1987).

Plaintiffs have not satisfied either pleading requirement. First, Plaintiffs assert that the effect of "the zoning amendment is to render [the Willey Creek] project economically infeasible." Amended Complaint ¶ 1. This is not equivalent to the allegation that all economically viable uses for the property have been curtailed or that the only economically viable use for the land has been taken away. Plaintiffs have not alleged that *all* the economically viable uses of the land have been removed by the zoning. *See Lucas v. South Carolina Council,* 505 U.S. 1003, 1019, 112 S.Ct. 2886, 120 L.Ed.2d 798 (1992). Second, although Plaintiffs do allege that the amendment was directed at preventing the Willey Creek project, this contention does not equate to a claim that Defendant had no legitimate governmental interest in enacting the amendment. The Court will, therefore, grant Defendant's Motion to Dismiss the takings claims in Counts III and IV.

### 5. Equal Protection (Count VII)

▮▮▮▮ "If neither a fundamental right nor a suspect classification is involved in an Equal Protection Clause challenge, courts will uphold legislation that provides for differential treatment upon a mere showing of a rational relationship between the disparate treatment and a legitimate government objective." *Starlight Sugar, Inc. v. Soto,* 253 F.3d 137, 145 (1st Cir.2001)(citing *Fireside Nissan, Inc. v. Fanning,* 30 F.3d 206, 219 (1st Cir.1994)). In other words, the ordinance cannot be overturned on equal protection grounds unless "the varying treatment of differing groups or persons is so unrelated to the achievement of any combination of legitimate purposes that [the Court] can only conclude that the legislature's actions were irrational." *Gilbert v. City of Cambridge,* 932 F.2d 51, 66 (1st Cir.1991). Defendant argues that Plaintiffs' equal protection claims must be dismissed because they have failed to allege that any similarly situated individual was treated differently. Plaintiffs' Amended Complaint alleges that "[t]he Kittery Zoning Ordinance enacted on September 26, 2000, was targeted at the pending Willey Creek Project application, and was framed with an arbitrary retroactive provision so as to render the Willey Creek Project economically infeasi-

ble." Amended Complaint ¶ 21. The Amended Complaint does not, however, allege unequal treatment of similarly situated individuals. The Court finds that Plaintiffs' equal protection claim is deficient and will, therefore, grant Defendant's Motion to Dismiss this claim.

## B. Violation of 30–A M.R.S.A. § 4352 (Count V)

In Count V of their Amended Complaint, Plaintiffs allege that the Town of Kittery violated the requirements of 30–A M.R.S.A. § 4352 when it adopted the amendment to the zoning ordinance without the approval of the governing municipal body in the Town of Kittery. Specifically, Plaintiffs assert that the general scheme governing zoning in Maine *impliedly* requires the Kittery Town Council to approve all zoning ordinance changes, even those approved through referendum process. 30–A M.R.S.A. § 4352 provides, *inter alia*, that the public must be given "an adequate opportunity to be heard in the preparation of the zoning ordinance," 30–A M.R.S.A. § 4352(1); that the ordinance "must be pursuant to and consistent with a comprehensive plan", 30–A M.R.S.A. § 4352(2); that any authorized conditional or contract zoning must be "consistent with the local growth management program ... [and] with existing and permitted uses," 30–A M.R.S.A. § 4352(8); and that "before ... amending an existing zoning ordinance ... the municipal reviewing authority must post and publish notice of a public hearing," 30–A M.R.S.A. § 4352(9). These provisions, Plaintiffs argue, contemplate that the body of municipal government approve the zoning amendment, and no such approval occurred in this case. Without citing to a specific statutory provision, Defendant responds that Maine law provides for municipalities to hold elections for purposes of voting on petition-initiated referendum questions. *See* 30–A

M.R.S.A. § 2501 *et seq.* and § 3001 *et seq.* Moreover, Defendant does not directly address Plaintiffs' argument regarding whether the procedures in § 4352 apply to a citizen-initiated referendum change to a zoning ordinance. Therefore, the Court will deny Defendant's Motion to Dismiss on Count V.

## IV. CONCLUSION

Accordingly, the Court **ORDERS** that Defendant's Motion to Dismiss be, and it is hereby, **GRANTED** on Counts III, IV, VII (equal protection) and **DENIED** on Counts I, II, V, VII (substantive and procedural due process).