Robert H. **BUCKLER,** et al., Plaintiffs,

v.

Jeff **RADER,** et al., Defendants.

Civil Action No. 1:14–CV–0145–WBH.

United States District Court,
N.D. Georgia,
Atlanta Division.

Signed Oct. 28, 2014.

James L. Ford, Sr., James Lee Ford, A Professional Corporation, Atlanta, GA, for Plaintiffs.

Sun S. Choy, Freeman Mathis & Gary, Rachel Erin Hudgins, Robert A. Luskin, Goodman McGuffey Lindsey & Johnson, Robert Haney Benfield, Jr., Law Offices of Robert H. Benfield, Jr., Atlanta, GA, Brenda Ann Raspberry, John E. Jones, Jr., Decatur, GA, Russell Brevard Davis, Downey & Cleveland, Marietta, GA, for Defendants.

## *ORDER*

WILLIS B. HUNT, JR., District Judge.

### *Background*

This matter is before the Court for consideration of the Defendants' various motions to dismiss the amended complaint. [Docs. 24, 26, 40]. Plaintiffs' factual allegations in the amended complaint are extensive. Unfortunately, many of Plaintiffs' asserted facts are not at all relevant to Plaintiffs' claims, either because they occurred more than two years before the complaint was filed and are thus barred by the applicable statute of limitations or because they relate to matters that could not

possibly relate to Plaintiffs' claims.[1] Indeed, if it were not so obvious that the complaint should be dismissed, this Court would require Plaintiffs to replead with a more definite statement.

Briefly summarizing, Plaintiffs own a parcel of land in the Druid Hills neighborhood of DeKalb County. Druid Hills has been designated an historic district. Under that designation, property owners are required to obtain a Certificate of Appropriateness (COA) under certain circumstances if they want to make changes to their home that would change the exterior appearance of existing buildings. Druid Hills also has an active civic association, the members of which support the aggressive enforcement of the requirements of the historic district.

The parcel that Plaintiffs own is approximately four acres. Plaintiffs sought to subdivide the property and are under the firm belief that they do not need a COA to do so. Plaintiffs claim that Defendant Rader, then president of the Druid Hills Civic Association initiated a campaign to oppose Plaintiffs' development of the property. Defendant Rader later became a member of the DeKalb County Board of Commissioners, and in that capacity he and another board member, Defendant Gannon, intensified their efforts to stop Plaintiff's development. The other Defendants, some of whom are (or were) DeKalb County officials and others who are not government actors but are members of the Druid Hills Civic Association, all purportedly played a role in thwarting Plaintiffs' efforts to subdivide their property.

As noted above, Plaintiffs' factual allegations go on and on—so much so that Plaintiffs have not even made an effort to summarize their own facts in their response to Defendants' motions to dismiss. Instead, they have set forth the following allegations in bullet-point format, presumably pointing out what they consider to be Defendants' most egregious actions:

- The Commissioners conspired to use their positions as Commissioners in an effort to improperly influence the decision of the DeKalb County Planning Commission when determining the rights and obligations of the Plaintiffs to subdivide and develop the Property.

- The Commissioners conspired to pressure the DeKalb County Law Department to unlawfully provide legal assistance to private individuals, including Defendant MacGregor and the DHCA in bringing a frivolous legal action in which it had no standing against DeKalb County and the Plaintiffs.

- After the Planning Commission voted to approve Plaintiffs' application to subdivide the Property, Defendants conspired to have the County institute a separate frivolous legal action in which DeKalb County sued its own Planning Commissioners in an effort to defeat their decision.

- After having pressured the DeKalb County Law Department to file a baseless lawsuit against its Planning Commissioners, the Defendants unlawfully conspired to interfere with the Planning Commissioners' choice of defense counsel, all in an effort to interfere with and impede the rights granted Plaintiffs by DeKalb County to subdivide and develop the Property.

- The Commissioners conspired to threaten DeKalb County Officials, and have them removed from office for their refusal to accede to the Defendant Commissioners' demands to interfere with

---

1. For example, Plaintiffs devote extensive discussion to staffing decisions made by DeKalb County authorities even though those decisions could not have affected Plaintiffs.

and impede Plaintiffs' rights to subdivide and develop the Property.

● The Defendants conspired to withhold land development permits which Plaintiffs were entitled even though the Defendants were aware that they did not have the right to do so under the DeKalb County Code.

● The Defendants conspired to have Commissioners Rader and Gannon file an additional baseless lawsuit in which the Commissioners sued their own County and the Plaintiffs, in violation of their oaths of office, and the DeKalb County Code of Ethics.

● The Defendants conspired to use County funds to support a private lawsuit brought by the DHCA in an effort to overturn the decision of the Planning Commissioners which had approved the rights of the Plaintiffs to subdivide and develop the Property.

● The Defendants conspired to file an appeal with the DeKalb County Zoning Board of Appeals regarding the issuance of land development permits to Plaintiffs which Defendant Commissioners had no standing to pursue and over which the Zoning Board of Appeals had no jurisdiction.

● The Defendants have continued to this date to unlawfully interfere with the County's permitting process in regard to Plaintiffs' rights to subdivide and develop the Property without the need for approval from the County's Historic Preservation Commission.

[Doc. 33 at 6–8].

In their amended complaint, Plaintiffs raise the following three standalone claims along with claims for punitive damages and attorneys' fees: (1) a claim under 42 U.S.C. § 1983 asserting a violation of their constitutional rights, including a conspiracy allegation with respect to non-government officials named in the complaint, (2) a

state law claim of unlawful interference with the enjoyment of their property, and (3) a state law claim for abusive litigation.

### *Discussion*

This Court first considers Plaintiffs' § 1983 claim and concludes that this is not a federal case. While there may be a limited and implied right to use and enjoy property, no court has recognized such a standalone right in the zoning/land use context. Where such a right is recognized, it has generally been in relation to other constitutional rights. For example, in *Buchanan v. Warley*, 245 U.S. 60, 38 S.Ct. 16, 62 L.Ed. 149 (1917), the Supreme Court held that a municipal ordinance prohibiting persons from moving into and occupying a house in any block upon which a greater number of houses are occupied by persons of a different race violated the right to use and dispose of property. However, there was an obvious equal protection component to that ruling. Similarly, in *Schad v. Borough of Mount Ephraim*, 452 U.S. 61, 101 S.Ct. 2176, 68 L.Ed.2d 671 (1981), the Supreme Court struck down a zoning ordinance that prohibited live entertainment, but that ruling was grounded in the First Amendment.

To the extent that the constitutional right that Plaintiffs assert exists, a violation of that right is

protectable, if it is a right for which the Constitution gives protection at all, by only these causes of action: 1. A procedural due process claim challenging the procedures by which the regulation was adopted.... 2. A substantive due process claim based upon the arbitrary and capricious action of the government in adopting the regulation.... 3. A Takings Clause claim which may seek not only just compensation, if the regulation amounts to a taking, but may seek invalidation and injunctive relief if the regu-

lation exceeds what the government body may do under the Takings Clause of the Constitution.... and 4. Claims under some other constitutional provision that give the landowner a protectable right, not specifically involved with the real property right itself.

*Villas of Lake Jackson, Ltd. v. Leon County,* 121 F.3d 610, 615 (11th Cir.1997)

In their § 1983 claim, Plaintiffs assert that Defendants have violated their substantive due process right to the lawful use of their property. In making a substantive due process claim asserting that government officials have abused their power, the Plaintiff must allege facts which "shocks the conscience" and violates the "decencies of civilized conduct." *County of Sacramento v. Lewis,* 523 U.S. 833, 846, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998); *see UA Theatre Circuit v. Warrington,* 316 F.3d 392 (3d Cir.2003) (applying the "shocks-the-conscience" stand to a claim regarding a municipal land-use decision). The alleged conduct must reveal an improper motive on the part of the government actor and decisions that were "pretextual, arbitrary and capricious and ... without any rational basis." *Greenbriar, Ltd. v. City of Alabaster,* 881 F.2d 1570, 1577 (11th Cir.1989) (quotation and citation omitted). Here, the allegations asserted by Plaintiffs do not rise to the conscience-shocking level. Notably, Plaintiff's only allegation that might indicate an improper motive is Defendant Rader's less than unbiased interest in the case dating from his former position as president of the Druid Hills Civic Association and his status as a resident of that neighborhood. However, it is perfectly reasonable for a legislator at any level of government to oppose things that he thinks are bad for his neighborhood. Notably, there is no indication that any Defendant engaged in self-dealing or graft or was motivated by anything other than a principled opposition to Plaintiffs' plans. Moreover, Defendant Rader's belief that it was necessary for Plaintiffs to obtain a COA might have been wrong, but it did not lack any rational basis.

This Court's view of this case has substantial support in the case law. In *Henry Co. Homes, Inc. v. Curb,* 548 F.Supp.2d 1281 (N.D.Fla.2008), a county engineer refused to grant a building permit to a subdivision developer despite the facts that (1) a state court had held that the engineer had no authority to withhold the permit, (2) the county attorney had opined that the engineer's rationale for withholding the permit was not valid, and (3) the engineer continued to refuse to grant the permit even after the state court had ruled against him. In granting the engineer's motion for summary judgment, the Northern District of Florida concluded that the engineer's behavior did not rise to the level of shocking the conscience.

Similarly, in *Perano v. Township of Tilden,* 2010 WL 1462367 (E.D.Pa.2010), the Plaintiff alleged that Township officials:

(1) refused to apply the appropriate laws, ordinances, and codes; (2) acted in a manner calculated to delay, frustrate, and ultimately discourage Plaintiff from developing its property; (3) arbitrarily and/or for retaliatory purposes refused to grant approvals, licenses, and permits sought by Plaintiff; (4) accepted a $1,640 license fee from Plaintiff, but refused to grant the license; and (5) instructed the solicitors office to institute a motion to compel Plaintiff to turn over ten acres of land to the Township despite the Township's knowledge that it was not legally entitled to the land.

*Id.* at *8.

The Eastern District of Pennsylvania's holding in *Perano* with respect to the plaintiff's substantive due process claim

perfectly mirrors the Court's view of this case:

> Even when considered in their totality, it is clear that Plaintiff's allegations do not eclipse the typical issues that arise in land-use disputes with local officials. The conduct of officials in this case may have been unfair or improper from Plaintiff's perspective, but there is no evidence of the patently egregious behavior to constitute a substantive due process claim. Plaintiff's allegations, even when accepted as true at the motion to dismiss stage, are not egregious and do not meet the conscience-shocking standard. If Plaintiff made any allegations demonstrating corruption or self-dealing by Defendants, or interference with constitutionally protected conduct, the Amended Complaint might survive a Motion to Dismiss. However, Plaintiffs assertions are precisely the type of land-use disputes that are properly adjudicated in state court. Consequently, Plaintiff's substantive due process claims will be dismissed.
>
> ....
>
> Plaintiff's allegations do not rise above the routine disputes that are common between local governments and land developers. Without more, the allegations in the Amended Complaint do not plausibly show any constitutional violations. Plaintiff essentially asks this Court to perform the role of a zoning board of appeals, a role that federal courts are loathe to accept.

*Id.* (citations quotations and alterations omitted).

The weakness of Plaintiffs' substantive due process claim is further demonstrated by the cases they cite as presenting issues similar to those in this case. They first cite to *Schad v. Borough of Mount Ephraim,* 452 U.S. 61, 101 S.Ct. 2176, 68 L.Ed.2d 671 (1981), mentioned above, which is wholly inapplicable because it is a First Amendment case. Next they cite to *Bello v. Walker,* 840 F.2d 1124 (3d Cir.1988) for the proposition that it states a claim for relief where a Plaintiff alleges that municipal council denied his building permit for purely personal and political reasons. In what is clearly sanctionable behavior, *see Kawitt v. United States,* 842 F.2d 951, 954 (7th Cir.1988) (citation of vacated case warranted sanctions against attorney on appeal); *see also* Model Rule of Professional Conduct 3.3(a)(1)("A lawyer shall not knowingly make a false statement of ... law to a tribunal...."), counsel for Plaintiffs entirely failed to note that this specific holding was abrogated by the Third Circuit in *UA Theatre Circuit v. Warrington,* 316 F.3d 392, 394 (3d Cir. 2003) (stating that cases—and specifically citing *Bello*—that hold that a claim that municipal officials acted with "improper motive" is sufficient to state a substantive due process claim are no longer good law and adopting the "shocks-the-conscience" standard).[2]

In summary, this Court concludes that Plaintiffs have failed to state a substantive due process claim.

 To foreclose any notion that Plaintiffs may have to further attempt to amend their complaint, this Court further notes that Plaintiffs have not alleged facts that would give rise to a procedural due process claim or a claim under the Takings Clause. As is noted above, a procedural due process claim requires a challenge to the manner in which the particular zoning ordinance applied to Plaintiffs was

---

**2.** Defendants should *not* view this commentary as an invitation to file a motion for sanc- tions.

adopted, and Plaintiffs have raised no such challenge. "The application of a general zoning law to particular property effects a [violation of the Takings Clause] if the ordinance does not substantially advance legitimate state interests ... or denies an owner economically viable use of his land." *Agins v. City of Tiburon,* 447 U.S. 255, 260, 100 S.Ct. 2138, 65 L.Ed.2d 106 (1980). Again, Plaintiffs do not challenge the DeKalb County zoning ordinances, and they certainly have no argument that there is no economically viable use for their land based solely on their inability to subdivide their property. Accordingly, this Court concludes that Plaintiffs have failed to allege facts sufficient to state a claim that their constitutional rights have been violated, and their claim brought pursuant to 42 U.S.C. § 1983 must therefore be dismissed.

The decision whether to exercise supplemental jurisdiction over state law claims is within this Court's discretion and the Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.,* 370 F.3d 1086, 1088–89 (11th Cir.2004). This Court thus chooses not to exercise supplemental jurisdiction over Plaintiffs' state law claims, and they too will be dismissed.

For the reasons stated, Defendants' motions to dismiss, [Docs. 24, 26, 40], are **GRANTED.** Plaintiffs' claim brought pursuant to 42 U.S.C. § 1983, is **DISMISSED** with prejudice, and as this Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims, those claims are **DISMISSED** without prejudice. The remaining pending motions, [Docs. 11, 17, 18, 27, and 45], are **DENIED** as moot.