[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 5, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13170
Non-Argument Calendar

_____

D. C. Docket No. 07-00228-CV-FTM-29-SPC

JORG BUSSE,

Plaintiff-Appellant,

KENNETH M. ROESCH, JR., et al.,

Plaintiffs,

versus

LEE COUNTY, FLORIDA,
BOARD OF LEE COUNTY COMMISSIONERS,
THE LEE COUNTY PROPERTY APPRAISER,
STATE OF FLORIDA, BOARD OF TRUSTEES OF THE
INTERNAL IMPROVEMENT TRUST FUND,
KENNETH M. WILKINSON, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 5, 2009)**

Before TJOFLAT, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Jorg Busse, proceeding pro se, appeals the district court's dismissal of his third amended complaint in his civil rights action against various state and local governmental entities and officials in Florida, pursuant to 42 U.S.C. §§ 1983 and 1985. The district court dismissed Busse's federal claims because he had either failed to adequately plead them or had not established federal subject matter jurisdiction. In the absence of any viable federal claims, the court declined to retain jurisdiction over Busse's state law claims. Based on our review of the record and the parties' briefs, we AFFIRM the dismissal.

## I. BACKGROUND

On 10 December 1969, the Board of Commissioners of Lee County, Florida ("the Board") adopted a resolution claiming certain lands in the Cayo Costa subdivision as public lands ("the Resolution"). R10-288 at 9. In the Resolution, the Board identified the relevant lands by reference to a map of the subdivision which showed that, along with a number of designated land parcels in the subdivision, there were also a number of unidentified areas on the eastern and western edges of the subdivision. Id. The Board laid claim to all of these non-designated parcels "and accretions thereto for the use and benefit of the public for

2

public purposes." Id.

Busse asserts that he currently owns Lot 15A of the Cayo Costa subdivision along with all accretions thereto and that the Resolution violates his property rights under both federal and state law. Id. at 1. To vindicate his rights, he brought suit in the United States District Court for the Middle District of Florida against an array of state and local parties, including the Lee County Board of Commissioners, the county property appraiser, and the Florida Department of Environmental Protection.[1] Id. In his third amended complaint, Busse made six claims: unconstitutional deprivation under 42 U.S.C. § 1983; unconstitutional temporary takings; trespass; conspiracy, fraud, and malfeasance regarding the designation of certain unplatted lots; conspiracy to materially misrepresent and defraud; and oppression or slander of title. Id. at 3–8. He asserted that an array of statutory and constitutional provisions supported the exercise of jurisdiction: two civil rights acts — 42 U.S.C. § 1983 and 28 U.S.C. § 1343; Articles Three and Four and the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments of the United States Constitution; the 1899 Rivers and Harbors Appropriation Act (33

---

[1] The full list of defendants includes: Lee County, Florida; the Board of Lee County Commissioners, in their official and private capacities; Kenneth M. Wilkinson, the Lee County property appraiser, in his official and private capacity; the State of Florida Board of Trustees of the Internal Improvement Trust Fund of the State of Florida, in their official and private capacities; the Florida Department of Environmental Protection, the Florida Division of Recreation and Parks, and the Cayo Costa State Park staff, in their individual and private capacities; and Jack N. Peterson, Lee County Attorney, in his official and private capacity. Id.

U.S.C. § 403); the 1862 Homestead Act, the federal common law doctrine of accretion and erosion; the Federal Appraisal Standards, Uniform Standards of Professional Appraisal Practice, and 12 U.S.C. §§ 3331–3351; and the Federal Declaratory Judgment Act (28 U.S.C. § 2201). Id. at 2–3.

The defendants subsequently filed separate motions to dismiss Busse's third amended complaint, primarily based on lack of subject matter jurisdiction and failure to state a claim. R10-285, 291, 303, 304. The district court granted these motions and dismissed Busse's third amended complaint. R11-338. In so doing, the court first found that Busse had made out a valid takings claim but that it had no jurisdiction over that claim since he had failed to show that he had pursued all available state remedies before bringing suit. Id. at 7–10. The court then concluded that Busse had not made out a valid claim under any of his other alleged federal bases. Id. at 10–15. Given that the court did not have jurisdiction over any of Busse's federal claims, it chose to dismiss his state law claims. Id. at 15. Busse now appeals the dismissal of all of the claims in his third amended complaint.

## II. DISCUSSION

We review de novo a district court's legal conclusions regarding subject matter jurisdiction, including the determinations that a claim is not ripe or that the court lacks subject matter jurisdiction over it. See Lanfear v. Home Depot, Inc.,

4

536 F.3d 1217, 1221 (11th Cir. 2008); Elend v. Basham, 471 F.3d 1199, 1204 (11th Cir. 2006). We also "review a grant of a motion to dismiss for failure to state a claim de novo, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." Gandara v. Bennett, 528 F.3d 823, 826 (quotation marks and citation omitted). The decision not to exercise supplemental jurisdiction over a state law claim is reviewed for abuse of discretion. See Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 738 (11th Cir. 2006). Since Busse is proceeding pro se, we construe his pleadings liberally. See Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008).

On appeal, Busse argues that the district court erred in dismissing his federal claims. He asserts that his Takings Clause claim was ripe for review and that he had properly stated claims involving violations of his procedural due process, equal protection, and substantive due process rights under the Fifth and Fourteenth Amendments.[2] Additionally, we read Busse's brief liberally to argue that the

---

[2] Busse's brief on appeal does not discuss the other jurisdictional bases cited in his third amended complaint — Articles Three and Four of the United States Constitution; the 1899 Rivers and Harbors Appropriation Act; the 1862 Homestead Act; the federal common law doctrine of accretion and erosion; the Federal Appraisal Standards, Uniform Standards of Professional Appraisal Practice, and 12 U.S.C. §§ 3331–3351; and the Federal Declaratory Judgment Act. Generally arguments not raised in a brief on appeal are deemed abandoned. See Horsley v. Feldt, 304 F.3d 1125, 1131 n.1 (11th Cir. 2002). Furthermore, we agree with the district court's analysis of these provisions and find that none of them could serve as a potential jurisdictional basis for Busse's claims. See, e.g., Arthur v. Haley, 248 F.3d 1302, 1303 n.1 (11th Cir. 2001) (per curiam) (noting that appellate courts can and should sua sponte inquire into subject matter jurisdiction whenever it appears to be lacking).

district court abused its discretion in refusing to exercise supplemental jurisdiction over his state law claims.  We address these arguments in turn.

A. Takings Clause Claims

Busse contends that the Resolution constituted an unconstitutional taking of his property rights in Lot 15A.  The Fifth Amendment  prohibits the taking of private property "for public use, without just compensation" — a condition made applicable to the States by the Fourteenth Amendment.  U.S. Const. amend. V; Palazzolo v. Rhode Island, 533 U.S. 606, 617, 121 S. Ct. 2448, 2457 (2001) (noting that the Fourteenth Amendment made the Takings Clause applicable to the States).  A plaintiff can bring a federal takings claim only if he can show that he did not receive just compensation in return for the taking of his property.  See Eide v. Sarasota County, 908 F.2d 716, 720 (11th Cir. 1990).  As a result, for a takings claim to be ripe, a plaintiff must demonstrate that he unsuccessfully "pursued the available state procedures to obtain just compensation" before bringing his federal claim.  Id. at 721.

In this case, Busse's claim would not be ripe because he has not shown that he attempted to obtain or secure relief under established Florida procedures.  Since at least 1990, Florida courts have recognized that an inverse-condemnation remedy is available for alleged takings violations.  See Reahard v. Lee County, 30 F.3d

1412, 1417 (11th Cir. 1994). Busse contends that his claim would still be ripe since that remedy was unavailable in 1969 when the Board of Commissioners enacted the Resolution. However, our past circuit precedent dictates "that a Florida property owner must pursue a reverse condemnation remedy in state court before his federal takings claim will be ripe, even where that remedy was recognized after the alleged taking occurred." Id. Accordingly, regardless of whether Busse has a valid property interest in Lot 15A, because he has not alleged that he sought and was denied compensation through available state procedures, his Takings Clause claim would not be ripe for review. We thus conclude that the district court did not err in finding that it lacked subject matter jurisdiction over Busse's Takings Clause claim.

B. Procedural Due Process Claims

Busse asserts that his procedural due process rights were violated since Lee County had no authority to take his land nor jurisdiction over it and because the Resolution was improperly executed. The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. A plaintiff could make a procedural due process claim by challenging the procedures by which a regulation was adopted, including the failure to provide pre-deprivation notice and hearing. See Villas of

7

Lake Jackson, Ltd. v. Leon County, 121 F.3d 610, 615 (11th Cir. 1997); Zipperer v. City of Fort Myers, 41 F.3d 619, 623 (11th Cir. 1995). For such a claim to be valid, however, the plaintiff would have to allege that state law failed to provide him with an adequate post-deprivation remedy. See Tinney v. Shores, 77 F.3d 378, 382 (11th Cir. 1996) (per curiam).

Based on these standards, we find that Busse has failed to state a valid procedural due process claim. Florida provides him an adequate post-deprivation remedy, inverse condemnation, and he makes no argument that this procedure is inadequate. Even if it was inadequate, though, Busse still would not have a valid procedural due process claim. The Resolution constituted a legislative act since it was a general provision that affected a large number of persons and area, 200 acres in all, rather than being specifically targeted at Busse or his immediate neighbors. See 75 Acres, LLC v. Miami-Dade County, Fla., 338 F.3d 1288, 1294 (11th Cir. 2003). Since alleged problems with the adoption of such acts cannot serve as the basis for a procedural due process claim, Busse could not cite them as the basis for his claim. See id. (noting that "if government action is viewed as legislative in nature, property owners generally are not entitled to procedural due process"). Accordingly, we find that the district court did not err in dismissing Busse's procedural due process claims.

C. Equal Protection Claims

Busse also argues that his equal protection rights were violated because the Board, in adopting the Resolution, treated differently privately-owned property and state-owned property.[3]  The Fourteenth Amendment forbids states from "deny[ing] to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 1.  "[T]o properly plead an equal protection claim, a plaintiff need only allege that through state action, similarly situated persons have been treated disparately."  Thigpen v. Bibb County, 223 F.3d 1231, 1237 (11th Cir. 2000) abrogated on other grounds by National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 S. Ct. 2061 (2002).

Under Florida law, counties can exercise eminent domain over any land that is not owned by the state or federal government.  See Fla. Stat. § 127.01(1)(a) (2006).  Since a state landowner would not be subject to the eminent domain power but Busse, as a private landowner, would be, Busse could not be similarly situated to a state landowner.  Busse therefore cannot rely on his disparate eminent domain treatment vis-a-vis state landowners as the basis for an equal protection claim.

---

[3] In his brief on appeal, Busse argues that he experienced different treatment than other landowners in Lee County.  However, we need not address this argument since he did not mention this in his third amended complaint and we find that none of the exceptions that would allow us to consider an issue not raised before the district court would apply here.  See Narey v. Dean, 32 F.3d 1521, 1526-27 (11th Cir. 1994) (discussing the exceptions to this general rule).

Since Busse made no other allegations of disparity in his third amended complaint, we find that he has failed to plead a valid equal protection claim and that the district court correctly dismissed this claim.

D. Substantive Due Process Claim

Busse also appears to allege that the Resolution denied him his substantive due process property rights. Substantive due process protects only those rights that are "fundamental," a description that applies only to those rights created by the United States Constitution. See Greenbriar Village, L.L.C. v. Mountain Brook, City, 345 F.3d 1258, 1262 (11th Cir. 2003) (per curiam). Property rights would not be fundamental rights since they are based on state law. See id. Busse thus could not bring a viable substantive due process claim based on the alleged denial of a state-defined property right. See id. Accordingly, we find that the district court properly dismissed his substantive due process claims.[4]

E. Supplemental Jurisdiction

Busse also contends that the court abused its discretion in not hearing his pendent state law claims. "The decision to exercise supplemental jurisdiction over

_____

[4] The district court, in addressing Busse's substantive due process claim, mentions that assertions of irrational and arbitrary government action could not serve as the basis for such a claim. Even under a liberal reading of Busse's complaint, though, we do not think he made such allegations. In the third amended complaint, he discusses takings violations and procedural problems with the enactment of the Resolution but never questions the rationale for its passage. Accordingly, we need not address whether he has a valid substantive due process claim based on arbitrary and capricious government action.

pendent state claims rests within the discretion of the district court." <u>Raney v. Allstate Ins. Co.</u>, 370 F.3d 1086, 1088–89 (11th Cir. 2004) (per curiam). Since the district court "had dismissed all claims over which it has original jurisdiction," it therefore had the discretion not to exercise supplemental jurisdiction over Busse's state law claims. 28 U.S.C. § 1367(c)(3). Furthermore, we expressly encourage district courts to take such action when all federal claims have been dismissed pre-trial. <u>See</u> <u>Raney</u>, 370 F.3d at 1089. Accordingly, the district court did not abuse its discretion when it chose not to retain supplemental jurisdiction over Busse's state law claims.

### III. CONCLUSION

Busse contends that the district court incorrectly dismissed his federal claims regarding alleged takings and deprivations of property rights. Since Busse's takings claim was not ripe because he had not pursued available state remedies and he failed to adequately plead his other federal claims, the district court correctly dismissed all of these claims. As a result, despite Busse's objections to the contrary, the district court also did not commit an abuse of discretion in not exercising jurisdiction over his state law claims. Accordingly, we AFFIRM the district court's dismissal of Busse's third amended complaint.

**AFFIRMED.**

11