[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-14846
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 21, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00364-CV-FTM-29-SPC

JENNIFER FRANKLIN PRESCOTT,
JORG BUSSE,


                                        Plaintiffs-Appellants-
                                                Cross-Appellees,



                          versus


STATE OF FLORIDA,
BOARD OF TRUSTEES OF THE INTERNAL IMPROVEMENT
TRUST FUND,
STATE OF FLORIDA DEPARTMENT OF ENVIRONMENTAL
PROTECTION,
DIVISION OF RECREATION AND PARKS,
HAROLD GEORGE VIELHAUER, et al.,


                                        Defendants-Appellees,


KENNETH M. WILKINSON,


                                        Defendant-Appellee-
                                                Cross-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(April 21, 2009)

Before BLACK, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Jennifer Franklin Prescott and Jorg Busse ("the Appellants"), proceeding pro

se, appeal the district court's: (1) dismissal without prejudice of their pro se civil

rights complaint for lack of subject matter jurisdiction and failure to state a claim

and (2) denial of their motion for the district court judge to recuse himself.

Appellee Ken Wilkinson cross-appeals the district court's denial of his motion for

sanctions against the Appellants. After review, we affirm.

## I. BACKGROUND

**A.      Current Action**

The Appellants are owners of Lot 15A in the Cayo Costa subdivision in Lee

County, Florida. On May 5, 2008, the Appellants filed the present pro se

complaint against numerous state and county officials[1] alleging that they had

---

[1]The complaint named the following defendants (herein collectively "the Appellees"): (1)
the State of Florida Board of Trustees of the Internal Improvement Trust Fund; (2) the Florida
Department of Environmental Protection, Division of Recreation and Parks; (3) Lee County,
Florida; (4) the Board of Lee County Commissioners; (5) Jack N. Peterson, Lee County

violated the Appellants' constitutional rights with respect to their Cayo Costa property. Most of the allegations in the complaint concern the 1969 Lee County Resolution 569/875, which claimed the undesignated areas on the east and west side of the Cayo Costa subdivision plat and all accretions thereto as public land to be used for public purposes. The Appellants' Lot 15A is on the west side of the Cayo Costa subdivision on the Gulf of Mexico and is adjacent to land that was claimed through Resolution 569/875 to create the Cayo Costa State Park.

The Appellants' complaint alleged that the Appellees: (1) passed an invalid resolution that resulted in the unconstitutional taking of their land without just compensation, the operation of a state park on their land, and the destruction of their land through the failure to prevent fires on their property during a drought, all in violation of the Takings and Due Process Clauses; (2) enacted Lee County Resolution 569/875 without notice and a hearing in violation of the Due Process Clause; and (3) treated certain individuals differently in violation of the Equal Protection Clause. The Appellants alleged numerous bases for federal jurisdiction.[2] The complaint also alleged several state law violations, including

Attorneys Jack Peterson, Donna Marie Collins, and David Owen; (6) Lee County property appraisers Kenneth M. Wilkinson and Sherri L. Johnson; and (7) Cayo Costa State Park employees Reginald Norman, Harold Vielhauerin, Linda Funchess, Reagan Russell, and Tom Beason.

[2]The Appellants alleged that there was federal jurisdiction for their complaint under: (1) 42 U.S.C. § 1983; (2) 28 U.S.C. §§ 1331 and 1343; (3) Articles III and IV of the U.S.

allegations that the Appellees recklessly destroyed their property during fires in April 2008, trespassed on their land, and conspired to defraud and defrauded them of their land. The Appellants requested various injunctive, declaratory, punitive, and compensatory relief.

## B.    Prior Similar Action

This is the second federal complaint of this nature that has been filed regarding Appellants' Lot 15A. In January 2008, Appellant Busse filed a complaint that made near identical allegations to the instant complaint, with the exception of the allegations regarding the April 2008 fire. Appellant Prescott was not a party in the previous case.

On May 5, 2008, the district court dismissed the first complaint for lack of subject matter jurisdiction and failure to state a claim. The district court determined that it lacked jurisdiction because Busse had not yet pursued available state court remedies and the Takings Clause claim therefore was not ripe for review. To the extent that Busse's complaint alleged that the taking of his property raised a substantive due process claim under the Fourteenth Amendment, the district court concluded that there was no independent substantive due process

Constitution; (4) the Fifth and Fourteenth Amendments; (5) the federal common law doctrines of accretion and erosion; (6) the Federal Appraisal Standards, Uniform Standards of Professional Appraisal Practice, and 12 U.S.C. §§ 3331-3351; (7) the Federal Declaratory Judgment Act, 28 U.S.C. § 2201; and (8) the 1862 Homestead Act.

4

claim concerning takings and that property rights were not fundamental rights that would support a substantive due process claim. The district court dismissed Busse's procedural due process claims regarding Lee County Resolution 569/875 because the Resolution was a legislative act that was not subject to a procedural due process claim and, even if it was not, Busse still had not alleged that Florida's post-deprivation remedy was inadequate. The district court also found that Busse had not stated an equal protection claim because he had not alleged that there was a similarly situated person for comparison and the state could not be a comparator.

The district court analyzed the other alleged bases for federal jurisdiction and found that they were all inadequate.[3] After dismissing Busse's federal claims, the district court declined to exercise supplemental jurisdiction over the state law claims. Accordingly, the district court dismissed Busse's first complaint without prejudice.[4] Busse appealed the district court's dismissal of his first complaint, and this Court affirmed. Busse v. Lee County, Florida, No. 08-13170, 2009 WL 549782 (11th Cir. Mar 5, 2009) (unpublished).

---

[3]Specifically, the district court found that: (1) Articles III and IV of the U.S. Constitution did not provide a basis for federal jurisdiction; (2) 28 U.S.C. § 1343 was not a basis for federal jurisdiction because there were no federal civil rights claims before the court; (3) the 1899 Rivers and Harbors Act was inapplicable; (4) the 1862 Homestead Act had been repealed; (5) if the federal common law doctrines of accretion and erosion existed, they did not provide a basis for federal jurisdiction; and (6) the Federal Appraisal Standards were inapplicable.

[4]The Appellants filed the complaint in the present case on the same day that the district court dismissed the first complaint.

## C. Dismissal of Current Action

The Appellees moved to dismiss the Appellants' second complaint for the same reasons outlined in the orders from the district court and this Court in the first case. The district court ordered the Appellants to show cause why the complaint should not be dismissed for lack of subject matter jurisdiction. The district court stated that the complaint was nearly identical to the previous complaint filed by Busse that was dismissed for lack of subject matter jurisdiction and that the Appellants had not cured the deficiencies noted in the first dismissal order.

After receiving the Appellants' responses, the district court granted the Appellees' motions to dismiss. The district court determined that the Appellants' complaint was nearly identical to Busse's complaint in the previous case. The district court stated that it previously had explained its reasoning for dismissing Busse's claims and adopted the reasoning from its order in the first case.

The district court also denied the Appellants' multiple motions for the district court judge to recuse himself. The Appellants had requested that the district court judge recuse himself because he had ruled against Busse in the previous lawsuit and because the district court's refusal to find that Resolution 569/875 was invalid showed that the judge was biased. The district court determined that the Appellants had not asserted any reasonable basis for recusal.

Finally, one of the Appellees, Wilkinson, moved for sanctions against the Appellants under Federal Rule of Civil Procedure 11(c). Wilkinson alleged that (1) the Appellants knew the district court did not have jurisdiction over their complaint because the court previously had dismissed an identical complaint and (2) the complaint was filed in bad faith to harass the Appellees. Appellee Wilkinson requested that the district court award him attorney's fees and issue an injunction preventing Busse from representing himself in the case and filing further lawsuits in the court. The district court denied Wilkinson's motion, but warned the Appellants that they may be sanctioned in the future if they were to file another complaint with similar allegations, file the same document numerous times, or improperly designate a motion as an emergency.

The Appellants appeal the district court's dismissal of their instant complaint and denial of their motion for recusal.[5] Appellee Wilkinson cross-appeals the district court's denial of his motion for sanctions.[6]

---

[5] We review de novo questions concerning our subject matter jurisdiction, including ripeness. See Elend v. Basham, 471 F.3d 1199, 1203 (11th Cir. 2006). We review de novo a grant of a motion to dismiss for failure to state a claim, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." Swann v. S. Health Partners, Inc., 388 F.3d 834, 836 (11th Cir. 2004). "Courts must construe pro se complaints more liberally than they would formal pleadings drafted by lawyers." Brown v. Crawford, 906 F.2d 667, 673 (11th Cir. 1990).
       We review for abuse of discretion a district judge's recusal decision. Thomas v. Tenneco Packaging Co., Inc., 293 F.3d 1306, 1319-20 (11th Cir. 2002).

[6] We review the denial of a motion for sanctions under Rule 11 for an abuse of discretion. Beck v. Prupis, 162 F.3d 1090, 1100 (11th Cir. 1998).

## II. DISCUSSION

### A.    Dismissal for Lack of Jurisdiction and Failure to State a Claim

Both the district court and this Court addressed the Appellants' takings, procedural and substantive due process, and equal protection claims in detail in the previous case concerning the Appellants' property. See Busse, No. 08-13170, 2009 WL 549782, at *2-4.  The Appellants' present complaint raises nearly identical allegations and Appellants have not remedied the pleading deficiencies that resulted in the first dismissal.[7]  The district court dismissed the Appellants' present complaint for the same reasons stated in its dismissal order in the first case. Accordingly, we affirm the district court's dismissal for the same reasons stated in our opinion in the first case.  See id.  We repeat our reasoning briefly here.

First, the district court properly dismissed the Appellants' Taking Clause claim for lack of jurisdiction because it was not ripe.  A just compensation claim is not ripe "until the landowner has pursued the available state procedures to obtain just compensation."  Eide v. Sarasota County, 908 F.2d 716, 721 (11th Cir. 1990). Florida courts have recognized a reverse condemnation remedy, see Reahard v. Lee

_____

[7]The claims in the present complaint are not precluded under res judicata, collateral estoppel, or the law of the case doctrine because this litigation involves slightly different parties and the first complaint was not decided on the merits.  Nevertheless, the analysis by the district court and this Court in the first case applies equally here because the present complaint contains essentially the same allegations as the first complaint.

County, 30 F.3d 1412, 1417 (11th Cir. 1994), and the Appellants have not alleged that they pursued this remedy. This requirement applies even though the reverse condemnation remedy was not recognized until after the alleged taking occurred. Id. ("[A] Florida property owner must pursue a reverse condemnation remedy in state court before his federal takings claim will be ripe, even where that remedy was recognized after the alleged taking occurred.").

Second, the district court properly dismissed the Appellants' procedural due process claim because they failed to allege that Florida's post-deprivation remedies were inadequate. Tinney v. Shores, 77 F.3d 378, 382 (11th Cir. 1996).

Third, the district court properly determined that the Appellants failed to state a substantive due process claim. To the extent that the Appellants' substantive due process claim was predicated on the denial of a state-defined property right, they did not state a viable substantive due process claim. Greenbriar Village, L.L.C. v. Mountain Brook, City, 345 F.3d 1258, 1262 (11th Cir. 2003) (stating that substantive due process protects fundamental rights protected by the Constitution, which does not include state-created property interests). Even if the alleged deprivation was the result of a legislative act, as opposed to an executive act, the Appellants did not allege that there is a property right at stake that is not already protected by the Takings Clause. Villas of Lake

9

Jackson, Ltd. v. Leon County, 121 F.3d 610, 615 (11th Cir. 1997) ("There is no substantive due process 'takings' claim that would protect a specific property right not already protected by the Takings Clause.").

Fourth, the district court properly determined that the Appellants' conclusory allegations failed to state an equal protection claim because, inter alia, they did not allege that similarly situated persons had been treated disparately. Thigpen v. Bibb County, 223 F.3d 1231, 1237 (11th Cir. 2000) ("[T]o properly plead an equal protection claim, a plaintiff need only allege that through state action, similarly situated persons have been treated disparately."), abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 S. Ct. 2061 (2002).

For the reasons above, and those articulated in our opinion affirming the dismissal in Busse's first complaint, we affirm the district court's dismissal of the Appellants' complaint.[8] Furthermore, because the district court correctly dismissed the Appellants' federal claims for lack of jurisdiction and failure to state a claim,

---

[8]As stated in our opinion in the first case, we agree with the district court's analysis of the other bases for jurisdiction asserted in the Appellants' complaint and conclude that none of them could serve as a jurisdictional basis for Busse's claims. See Busse, No. 08-13170, 2009 WL 549782, at *2 n.2. To the extent that the Appellants raised claims in their complaint that are not addressed in their brief, those claims are abandoned on appeal. See Horsley v. Feldt, 304 F.3d 1125, 1131 n.1 (11th Cir. 2002). To the extent that the Appellants attempt to raise a Fourth Amendment claim or any other claim for the first time on appeal, we will not consider them because they were not raised in the district court. Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331-32 (11th Cir. 2004).

10

the district court did not abuse its discretion when it declined to exercise supplemental jurisdiction over their remaining state law claims.  See 28 U.S.C. § 1367(c)(3); Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088-89 (11th Cir. 2004).

## B.    Motion for the District Court to Recuse

The district court did not abuse its discretion in denying the Appellants' motion for recusal.  The district court's rulings in Busse's first case are not a sufficient basis to question the district court's impartiality in the present case so as to warrant recusal.  Thomas v. Tenneco Packaging Co., Inc., 293 F.3d 1306, 1329 (11th Cir. 2002) (stating the general rule that "bias sufficient to disqualify a judge must stem from extrajudicial sources" (quotation marks omitted)); United States v. Meester, 762 F.2d 867, 884 (11th Cir. 1985) ("[A] motion for disqualification may not ordinarily be based on the judge's rulings in the same case.").  The Appellants have not alleged, much less shown, that the district court made any remarks that demonstrated a bias or prejudice against the Appellants.  See Thomas, 293 F.3d at 1329 (stating an exception to the general rule that bias must stem from extrajudicial sources "when a judge's remarks in a judicial context demonstrate such pervasive bias and prejudice that it constitutes bias against a party" (quotation marks omitted)).

## C.    Rule 11 Sanctions

Although this issue is closer, we cannot say that the district court abused its discretion in denying Appellee Wilkinson's motion for sanctions. The district court was intimately familiar with the Appellants' claims in both complaints and their conduct throughout the litigation and was thus in the best position to determine whether Rule 11 sanctions were appropriate. We note that the district court has now warned the Appellants that their conduct may warrant sanctions in the future if continued.

### III. CONCLUSION

Therefore, we affirm the district court's orders dismissing the Appellants' complaint, denying the Appellants' motion for recusal, and denying Appellee Wilkinson's motion for sanctions.

**AFFIRMED.**